IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES E. LAFITY, | ) Civil Action No. 3:10-2572-RBH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| WARDEN M. M. MITCHELL; INMATE WALLACE; AND EMPLOYEE R. EVANS, | ) |
| Defendants. | ) |

Plaintiff filed this action, pro se, on October 8, 2010.[1] At the time of the alleged incidents, he was an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). He has since been released from incarceration. Defendants are M. M. Mitchell ("Mitchell"), the Warden of FCI-Edgefield; Richard Evans ("Evans"), a Senior Correctional Officer at FCI-Edgefield; and Elija Wallace ("Wallace"), a former inmate at FCI-Edgefield (who is currently incarcerated at the FCI-Canaan, Pennsylvania). Defendants Mitchell and Evans filed a motion to dismiss, or in the alternative for summary judgment, on April 1, 2011. Plaintiff, because he is proceeding pro se, was advised on April 13, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his complaint. Plaintiff did not file a response. The undersigned issued an order on June 15, 2011, allowing Plaintiff an additional fifteen days to respond. Plaintiff merely filed a response stating that he wished to continue to prosecute this action, with no argument in opposition to the motion to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

dismiss or for summary judgment, and with no supporting materials. On June 28, 2011, the undersigned issued an order giving Plaintiff additional time to file his response. Plaintiff failed to do so.[2]

**STANDARD OF REVIEW**

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of

---

[2]The undersigned has addressed Plaintiff's claims on the merits. Alternatively, it is recommended that Plaintiff's claims be dismissed pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.

2

a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## DISCUSSION

While incarcerated at FCI-Edgefield, Plaintiff alleges that Defendant Wallace assaulted him by throwing hot water at his face. Plaintiff claims it took Defendant Evans, who was the Housing Unit Officer, fifteen minutes to respond and break up the fight. He states he was taken to the institution's medical department and then transferred to an outside hospital for treatment of second and third degree burns he received during the incident. Plaintiff contends that his injuries could have been avoided if Defendant Evans had responded quicker to defuse the situation. He claims he sustained permanent damage to his face, neck, and chest area as a result of the incident. Plaintiff has

not requested any specific type of relief.[3] Defendants Mitchell and Evans contend that their motion to dismiss or for summary judgment should be granted because: (1) this Court lacks subject matter jurisdiction as to claims against them in their official capacities; (2) Plaintiff fails to state a claim against them; and (3) they are entitled to qualified immunity.

Plaintiff, who appears to allege an Eighth Amendment claim, appears to have brought his claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the

---

[3]Plaintiff has failed to even request any relief or suggest to this Court any remedy for the alleged violations. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir.1983); see Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir.1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in Public Serv. Co. of Colorado v. United States Environmental Protection Agency, 225 F.3d 1144 (10th Cir.2000). In that case, addressing the plaintiff's failure to request specific relief, the Court stated,
> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

Id. at 1148 n. 4 (citing United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir.1999)); cf. James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C.Cir.1996) (holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978).

qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988).

    1.        Subject Matter Jurisdiction/Sovereign Immunity

Defendants Mitchell and Evans contend that this court lacks subject matter jurisdiction to hear Plaintiff's claims against them in their official capacities. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). A Bivens action may not be brought against agencies or departments of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendants Mitchell and Evans in their official capacities, to the extent that Plaintiff is seeking monetary damages, are barred by the doctrine of sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458.[4]

---

[4]To the extent that Plaintiff is attempting to assert a claim under the Federal Tort Claims Act ("FTCA"), this Court also lacks jurisdiction as to Defendants Mitchell and Evans. The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals

(continued...)

2.    Failure to State a Claim

Plaintiff appears to allege that prison officials failed to protect him from harm. Defendant Mitchell contends that Plaintiff fails to state a claim against him because Plaintiff has not made a single allegation against Mitchell in his complaint. Defendant Evans contends that Plaintiff has only alleged a claim for negligence which does not rise to the level of a constitutional violation.

Plaintiff fails to state a claim against Defendant Mitchell. He has not alleged any action or inaction by this defendant.

As to Defendant Evans, Plaintiff at most appears to have stated a claim for negligence. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or Bivens. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

3.    Qualified Immunity

Defendants Mitchell and Evans contend that they are entitled to qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

---

[4](...continued)
under similar circumstances would be liable under state law. See 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975).

Fitzgerald, 457 U.S. 800, 818 (1982). The analysis of the defense of qualified immunity is generally examined using a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 201 (2001).[5] The first step is to determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the defendants' conduct violated a constitutional right. Id. at 201. If the facts, so viewed, do not establish a violation of a constitutional right, the plaintiff cannot prevail, and "there is no necessity for further inquiries concerning qualified immunity." Id. If, however, a favorable view of the facts does establish such a violation, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. Id. If the right was not clearly established, the defendants are entitled to qualified immunity. Id.

Plaintiff appears to allege that Defendant Evans violated his constitutional rights by failing to protect him from harm from inmate Wallace. He fails, however, to state a deprivation of a constitutional right, as discussed below. Thus, Defendants Mitchell and Evans are entitled to qualified immunity in their individual capacities.

      a.      <u>Failure to Protect</u>

Plaintiff appears to allege that prison officials failed to protect him from attack by inmate Wallace, and failed to respond quickly after the attack began. Defendants Mitchell and Evans argue that Plaintiff fails to show that his Eighth Amendment rights were violated because he has not shown that they were deliberately indifferent to any known risk of harm to Plaintiff.

---

[5]The Supreme Court has clarified that these steps do not need to be taken in the sequence set forth in Saucier, and that
> [t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs should be addressed first in light of the circumstances in the particular case at hand.

Pearson v. Callahan, 555 U.S. 223 (2009).

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. at 835. In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive.

Plaintiff fails to show that his Eighth Amendment rights were violated because he has not shown that Defendant Evan and/or Defendant Mitchell knew of a substantial risk of serious harm to him and consciously disregarded that risk. Plaintiff has not made any allegations that Defendant Mitchell and/or Defendant Evans were aware that inmate Wallace was going to assault him on August 2, 2009. He has not alleged that he notified these Defendants that inmate Wallace posed a threat to him. Defendants Mitchell and Evans state that they did not have any knowledge that inmate Wallace was going to assault Plaintiff prior to the alleged incident, and they were never notified by Plaintiff or anyone else that inmate Wallace posed a threat to Plaintiff. Evans Aff., Paras. 3-4;

8

Mitchell Aff., Para. 4. The Disciplinary Hearing Officer's report indicates that Plaintiff testified that he was in Defendant Wallace's cell at the time the alleged incident began. Additionally, Mitchell states that a review of SENTRY, the Bureau of Prisons' computerized database, indicates that there is nothing in Defendant Wallace's prison disciplinary record which reflects any assault of another inmate prior to the alleged incident. Mitchell Aff., Para. 5.

Plaintiff appears to argue that his injuries could have been avoided if Defendant Evans had responded quicker to diffuse the fight. He claims that it took fifteen minutes for Defendant Evans to respond. Evans states that at approximately 7:40 p.m. on October 2, 2009 he heard a duress alarm; he stopped what he was doing (inventorying and packing inmate property in the officer's office); secured his office door; proceeded to the alarm panel; identified that the inmate duress signal was activated from cell # 114 (Plaintiff's cell); and responded to cell # 114. Upon his arrival at cell # 114, Evans observed Plaintiff and inmate Wallace striking each other with closed fists. Evans radioed Control Center for assistance, noted that the inmates had ceased fighting when they saw them, closed and secured the cell door for safety and security reasons, maintained constant visual observation of the inmates until the arrival of additional staff, and noted that the inmates remained separated until the arrival of the responding staff. Responding staff arrived and restrained both inmates and escorted them from the unit. Evans states that the entire incident from the time the duress alarm was activated until the inmates were escorted from the unit was approximately two to three minutes. He further states that he did not see inmate Wallace throw any type of liquid on Plaintiff, Plaintiff never told him that inmate Wallace threw hot water on him, and he only learned of this after Plaintiff was escorted to medical. Evans Aff., Para. 3. Plaintiff has presented nothing to dispute that hot liquid was thrown on him prior to the duress alarm being pulled. Thus, he fails

9

to show that a faster response time would have prevented his injuries from having hot water thrown on him. He has not shown that Defendant Evans was deliberately indifferent as to his safety.

        b.      <u>Negligence</u>

As discussed above, negligence does not state a constitutional claim.

        c.      <u>Supervisory Liability</u>

Plaintiff may be attempting to assert a claim against Defendant Mitchell based on a theory of supervisory liability. The doctrine of respondeat superior, however, is generally inapplicable to § 1983 and <u>Bivens</u> actions, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Fisher v. Washington Metro Area Transit Auth.</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982); <u>Wright v. Smith</u>, 21 F.3d 496 (2d Cir. 1994); and <u>Howard v. Federal Bureau of Prisons</u>, 1999 WL 798883, 198 F.3d 236 (4th Cir. 1999)[Table]. A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir.), <u>cert. denied</u>, 513 U.S. 813 (1994). Plaintiff has not alleged that Defendant Mitchell had any personal involvement in the alleged incidents. He has presented no evidence that Defendant Mitchell had actual or constructive knowledge that her subordinates were engaged in conduct that posed a "pervasive and unconstitutional risk" of injury to Plaintiff. Additionally,

10

Plaintiff has not shown any affirmative casual link between Defendant Mitchell's action or inaction and Plaintiff's alleged injury. Thus, Plaintiff has not shown any basis for supervisory liability on the part of Defendant Mitchell.

    4.    <u>Defendant Wallace</u>

Inmate Wallace has not filed an answer in this action. There is no indication that he was ever served. <u>See</u> Doc. 24.

It is recommended that Inmate Wallace be dismissed <u>sua sponte</u> because he is not a state actor under 42 U.S.C. § 1983. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant acting under color of law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Generally, an inmate does not act under color of state law for purposes of § 1983. <u>See</u>, <u>e.g.</u>, <u>Mueller v. Schnick</u>, 2000 WL 250122, 210 F.3d 375 (7th Cir. February 24, 2000)[Table](inmate who broke plaintiff's jaw could not be sued under § 1983 because the plaintiff did not allege that the defendant acted under color of state law or was involved in a conspiracy with state actors), <u>cert. denied</u>, 531 U.S. 833 (2000); <u>Jenkins v. Illinois Dep't of Corrs.</u>, No. 96C3064, 1996 WL 296572 (N.D.Ill. May 31, 1996)(Inmate not directly suable under §1983 because inmate was not a state actor and there was no indication that his alleged conduct was inextricably intertwined with that of prison officials.); <u>McGraw v. Zeleand</u>, No. 91-7589, 1991 WL 274535 (E.D.Pa. Dec. 17, 1991)(dismissing complaint against inmate because he was not a state actor and could not be sued under § 1983). For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual. <u>Adickes</u>, 398 U.S. at 152. Here, Plaintiff has not shown that there was a concerted effort between any of the other defendants

and inmate Wallace. To the extent that Plaintiff alleges claims against Defendant Wallace based on state law, it is recommended, pursuant to 28 U.S.C. 1367(c)(3), that the court decline to exercise supplemental jurisdiction over any remaining state claims.

## CONCLUSION

Based on review of the record, it is recommended that the motion to dismiss or for summary judgment of Defendants Mitchell and Evans (Doc. 20) be **granted**. It is also recommended that Defendant Wallace be **dismissed** from this action sua sponte.

Joseph R. McCrorey
United States Magistrate Judge

November 30, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).